**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| SMARTFLASH LLC, and <br> SMARTFLASH TECHNOLOGIES LIMITED, <br><br> Plaintiffs, <br><br> -vs.- <br><br> AMAZON.COM, INC., <br> AMAZON.COM, LLC, <br> AMZN MOBILE, LLC, <br> AMAZON WEB SERVICES, INC., and <br> AUDIBLE, INC., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) The Honorable Rodney Gilstrap <br> ) <br> ) Civil Action No. 6:14-cv-992 <br> ) <br> ) **PATENT CASE** <br> ) **JURY TRIAL DEMANDED** <br> ) <br> ) <br> ) <br> ) |

**DEFENDANTS' MOTION TO DISMISS FOR IMPROPER VENUE
UNDER RULE 12(B)(3) AND FAILURE TO STATE A CLAIM
OF INDIRECT INFRINGEMENT UNDER RULE 12(B)(6)**

## TABLE OF CONTENTS

INTRODUCTION ------------------------------------------------------------------------------ 1

ARGUMENT ------------------------------------------------------------------------------------ 3

I.     UNDER THE PROPER INTERPRETATION OF SECTION 1400(B),
THE CONTROLLING VENUE STATUTE IN PATENT CASES,
SMARTFLASH'S COMPLAINT MUST BE DISMISSED ------------------------ 3

     A.     Section 1400(b) as Interpreted by the Supreme Court in
*Fourco*—not Section 1391(c)—Governs Residency for
Corporate Defendants ------------------------------------------------------ 3

          1.     *VE Holding* No Longer Controls -------------------------------------- 3

          2.     Based on Both the Plain Language of
the Statutes and Principles of Statutory
Interpretation, Section 1400(b) and
Section 1391(c) Cannot Be Coextensive ----------------------------- 4

          3.     The Interpretation of Section 1400(b) as
the Exclusive Patent Venue Statute for
U.S. Corporations Conforms with a
Long Line of Supreme Court Decisions------------------------------- 7

     B.     Smartflash Fails to Allege Facts Supporting Venue Under
Section 1400(b) as Properly Interpreted -------------------------------- 10

II.     EVEN IF THE COURT DECIDES VENUE IS PROPER, THE
COURT MUST DISMISS THE INDIRECT INFRINGEMENT
CLAIMS BECAUSE SMARTFLASH FAILS TO ALLEGE ANY
FACTS RELATING TO KNOWLEDGE OF THE ASSERTED
PATENTS -------------------------------------------------------------------------------- 12

CONCLUSION ------------------------------------------------------------------------------- 15

# TABLE OF AUTHORITIES

*Page(s)*

Cases:

*Achates Reference Pub., Inc. v. Symantec Corp.*,
    No. 2:11-CV_294-JRG-RSP, 2013 WL 693955 (E.D. Tex. Jan. 10, 2013) ---------------- 13

*Affinity Labs of Tex., LLC v. Toyota Motor N. Am., Inc.*,
    No. W:13-cv-365, 2014 U.S. Dist. LEXIS 90379 (W.D. Tex. May 12,
    2014)--------------------------------------------------------------------------------------------- 15

*Aguirre v. Powerchute Sports, LLC*,
    No. SA-10-CV-0702 XR, 2011 WL 2471299 (W.D. Tex. June 17, 2011) ----------------- 13

*Alessandra v. Colvin*,
    No. 12CV397A, 2013 WL 4046295 (W.D.N.Y. Aug. 8, 2013) ----------------------------- 5

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ------------------------------------------------------------------------ 12–14

*Astoria Fed. Savings & Loan Ass'n v. Solimino*,
    501 U.S. 104 (1991) --------------------------------------------------------------------------------- 7

*Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for the W. Dist. of Tex.*,
    134 S. Ct. 568 (2013)-------------------------------------------------------------------------------- 5

*Bascom Research LLC v. Facebook, Inc.*,
    Nos. C12-6293 SI, C12-6294 SI, C12-6295 SI, C12-6296 SI, C12-6297
    SI, 2013 WL 968210 (N.D. Cal. Mar. 12, 2013)-------------------------------------------- 14

*Bell Atl. v. Twombly*,
    550 U.S. 544 (2007) --------------------------------------------------------------------------------- 3

*Brunette Mach. Works, Ltd. v. Kockum Indus., Inc.*,
    406 U.S. 706 (1972) --------------------------------------------------------------------------------- 9

*Burger King v. Rudzewicz*,
    471 U.S. 462 (1985) --------------------------------------------------------------------------------- 6

*Cheng v. Schlumberger*,
    No. C 13-02641 JSW, 2013 WL 5814272 (N.D. Cal. Oct. 29, 2013)------------------------ 5

*Cooper v. Dep't of the Army*,
    No. 4:13CV3086, 2013 WL 6631618 (D. Neb. Dec. 17, 2013) ----------------------------- 5

*Daimler AG v. Bauman*,
    134 S. Ct. 746 (2014)-------------------------------------------------------------------------------- 6

## TABLE OF AUTHORITIES
### (continued)

**Page(s)**

*EON Corp. IP Holdings LLC v. FLO TV Inc.*,
    802 F. Supp2d 527 (D. Del. 2011) ----------------------------------------------------------------- 13

*Exxon Mobil Corp. v. Allapattah Servs., Inc.*,
    545 U.S. 546 (2005) ------------------------------------------------------------------------------ 7

*Fourco Glass Co. v. Transmirra Prods. Corp.*,
    353 U.S. 222 (1957) ----------------------------------------------------------------------*passim*

*Funimation Entm't. v. Does 1-1,427*,
    No. 2:11-CV-00269, 2013 WL 5200453 (E.D. Tex. Sept. 16, 2013) ---------------------- 10

*Global-Tech Appliances, Inc. v. SEB SA*,
    131 S. Ct. 2060 (2011) --------------------------------------------------------------------------- 13

*Henson v. Fid. Nat'l. Fin., Inc.*,
    No. 1:13-CV-01452-AWI-JLT, 2014 WL 641978 (E.D. Cal. Feb. 18,
    2014)------------------------------------------------------------------------------------------------- 5

*HomeBingo Network, Inc. v. Chayevsky*,
    428 F. Supp. 2d 1232 (S.D. Ala. 2006) ------------------------------------------------------ 11

*Hsin Ten Enter. USA, Inc.*, 138 F. Supp. 2d 449 (S.D.N.Y. 2000)------------------------------- 11

*In re Bill of Lading Transmission & Processing Sys. Patent Lit.*,
    681 F.3d 1323 (Fed. Cir. 2012) --------------------------------------------------------------*passim*

*In re Cordis Corp.*,
    769 F.2d 733 (Fed. Cir. 1985) ----------------------------------------------------------------- 11

*In re Hohorst*,
    150 U.S. 653 (1893) ------------------------------------------------------------------------------- 8

*JD Fields & Co., Inc. v. Nucor-Yamato Steel Co.*,
    No. H-12-1918, 2012 WL 6042219 (S.D. Tex. 2012) ---------------------------------------- 5

*Loyalty Conversion Sys. Corp. v. Am. Airlines, Inc.*,
    No. 2:13-CV-655, 2014 WL 4354130 (E.D. Tex. Sept. 2, 2014)---------------------- 11–12

*Melvin Lloyd Co. v. Stonite Prods.*,
    119 F.2d 883 (3d Cir. 1941) --------------------------------------------------------------------- 8

**TABLE OF AUTHORITIES**
**(continued)**

Page(s)

*MTEC, LLC v. Nash,*
No. CV 08-563-AC, 2008 WL 4723483 (D. Or. Oct. 20, 2008)----------------------------11

*Pure Oil Co. v. Suarez,*
384 U.S. 202 (1966) --------------------------------------------------------------------------------7

*Rembrandt Soc. Media, LP v. Facebook, Inc.,*
950 F. Supp2d 876 (E.D. Va. June 12, 2013) --------------------------------------------14

*Roblor Mktg. Grp., Inc. v. GPS Indus., Inc.,*
645 F. Supp. 2d 1130 (S.D. Fla. 2009)------------------------------------------------ 11–12

*Schnell v. Peter Eckrich & Sons, Inc.,*
365 U.S. 260 (1961) ----------------------------------------------------------------------9, 11

*Stonite Prods. v. Melvin Lloyd Co.,*
315 U.S. 561 (1942) ----------------------------------------------------------------- 7–9

*U.S. v. Md. Cas. Co.,*
573 F.2d 245 (5th Cir. 1978) ----------------------------------------------------------------11

*VE Holding Corp. v. Johnson Gas Appliance Co.,*
917 F.2d 1574 (Fed. Cir. 1990) ------------------------------------------------------- 1–4

*Statutes and Rules:*

28 U.S.C. 1391--------------------------------------------------------------------------------*passim*

28 U.S.C. § 1400 ----------------------------------------------------------------------------*passim*

28 U.S.C. § 1406(a) ------------------------------------------------------------------------- 1

Fed. R. Civ. P. 8(a)(2) ----------------------------------------------------------------------- 12

Fed. R. Civ. P. 12 **---------------------------------------------------------------------------***passim*

Defendants Amazon.com, Inc., Amazon.com LLC, AMZN Mobile, LLC, Amazon Web Services, Inc. (collectively, "Amazon") and Audible, Inc. ("Audible" and collectively with Amazon, "Defendants") hereby move under Rule 12(b)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1406(a) to dismiss this action for improper venue.  Defendants also move under Rule 12(b)(6) to dismiss the indirect infringement claims asserted by plaintiffs Smartflash LLC and Smartflash Technologies Limited (collectively, "Smartflash").  The Court should consider the Rule 12(b)(6) motion only if it determines that venue is proper in this district.

## INTRODUCTION

Recent amendments to the general venue statute 28 U.S.C. § 1391 limit its application and restore the primacy of the patent venue statute 28 U.S.C. § 1400(b).  Because Smartflash's complaint does not plead facts sufficient to establish venue under 28 U.S.C. § 1400(b), it should be dismissed in its entirety.

Section 1400(b), under binding Supreme Court law, is "the sole and exclusive provision controlling venue in patent infringement actions."  *Fourco Glass Co. v. Transmirra Prods. Corp.*, 353 U.S. 222, 229 (1957).  Under Section 1400(b), a corporation may be sued for patent infringement only where it "resides" or, alternatively, where the defendant has allegedly committed acts of infringement and has a regular and established place of business.  28 U.S.C. § 1400(b).  In *Fourco*, the Supreme Court explained that "residency" for purposes of Section 1400(b) "mean[s] the state of incorporation only."  *Fourco*, 335 U.S. at 226.

The Supreme Court's holding in *Fourco* remained undisturbed until 1990, when the Federal Circuit held that the case no longer controlled in light of a 1988 amendment to Section 1391, the *general* venue statute.  *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1578 (Fed. Cir. 1990).  In *VE Holding*, the Federal Circuit found that Congress intended to "read[] into" the patent venue statute the residency provision of the general venue statute, which provided that a corporate defendant could be sued in "any judicial district in which [the corpora-

tion] is subject to personal jurisdiction at the time the action is commenced." *Id.* In doing so, the court expressly relied on an amendment that provided that Section 1391(c) was to apply "[f]or purposes of venue under this chapter," thus presumably applying to the patent venue statute in the same chapter. *Id.*

But, in 2011, Congress amended Section 1391, again, to read in pertinent part: "*Except as otherwise provided by law*—(1) this section shall govern the venue of all civil actions brought in district courts of the United States." 28 U.S.C. § 1391(a) (emphasis added). This amendment made clear, to the extent any ambiguity existed, that the general venue statute—including its corporate residence provision—did not displace other specific venue provisions, including the patent venue statute of Section 1400(b). Indeed, the 2011 amendment eliminated the incorporation language of Section 1391(c) that the *VE Holding* court explicitly relied upon in finding the two venue statutes to be coextensive. *VE Holding* thus no longer controls.

In light of the 2011 amendments to Section 1391, Section 1400(b) again stands alone as the exclusive measure of venue in patent cases. This interpretation is supported by (1) the plain meaning of the statutes and principles of statutory interpretation, which favor specific statutes (Section 1400(b)) over general ones (Section 1391(c)), and (2) a long history of Supreme Court opinions repeatedly rejecting attempts by other courts to broaden venue in patent cases beyond the bounds of Section 1400(b). Under the proper interpretation of Section 1400(b), Smartflash's complaint—which fails to allege either that Defendants are incorporated in the State of Texas or that they have established places of business in this district—must be dismissed.

Even if the Court finds that Smartflash's complaint is proper under Rule 12(b)(3), it should dismiss Smartflash's claims for indirect infringement because they are based on nothing more than conclusory allegations paraphrasing legal standards. Smartflash provides no facts to support that either Amazon or Audible had knowledge—either actual or constructive—of the as-

2

serted patents.  Without such facts, the claims are not plausible on their face and must be dismissed under Rule 12(b)(6).  *See Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007); *In re Bill of Lading Transmission & Processing Sys. Patent Lit.*, 681 F.3d 1323, 1336-37 (Fed. Cir. 2012).

## ARGUMENT

### I.     UNDER THE PROPER INTERPRETATION OF SECTION 1400(B), THE CONTROLLING VENUE STATUTE IN PATENT CASES, SMARTFLASH'S COMPLAINT MUST BE DISMISSED.

#### A.     Section 1400(b) as Interpreted by the Supreme Court in *Fourco*—not Section 1391(c)—Governs Residency for Corporate Defendants.

In view of the 2011 amendment to Section 1391, Section 1400(b) now exclusively governs venue for patent infringement actions.  This is because (1) *VE Holding*, the Federal Circuit case that married the two incongruous provisions of Sections 1400(b) and 1391, no longer applies; (2) the plain language of the statutes and principles of statutory interpretation compel such a reading; and (3) this interpretation is consistent with Supreme Court precedent.

#### 1.     *VE Holding* No Longer Controls.

Section 1400(b) exclusively governed venue in patent suits against U.S. corporations until 1990, when the Federal Circuit held in *VE Holding* that in its 1988 amendment Congress intended to expand the scope of venue in those suits by adding "[f]or purposes of venue under this chapter" to the beginning of the definition of corporate residence in Section 1391(c).  *VE Holding*, 917 F.2d at 1577-78.  Based on that amendment, the Federal Circuit ruled that patent infringement litigation against a U.S. corporation could proceed in any district where that corporation is subject to personal jurisdiction.  *VE Holding*, 917 F.2d at 1580.

In 2011, Congress replaced the language that formed the sole basis for the decision in *VE Holding* ("[f]or purposes of venue under this chapter") with the phrase "[f]or all venue purposes," 28 U.S.C. § 1391(c), and added a new Section 1391(a), which subordinates the *entire* Section 1391 to more specific venue provisions provided elsewhere in the law.  Section 1391(a) now

3

states: "(a) Applicability of Section.— Except as otherwise provided by law— (1) this section shall govern the venue of all civil actions brought in district courts of the United States . . . ."

Given these changes to Section 1391, *VE Holding* is no longer controlling authority.

> **2. Based on Both the Plain Language of the Statutes and Principles of Statutory Interpretation, Section 1400(b) and Section 1391(c) Cannot Be Coextensive.**

Section 1391 does not apply to venue in patent infringement actions, as venue in those actions is "otherwise provided by law:" it is as provided in Section 1400(b). 28 U.S.C. 1391(a) (general venue statute applies "[e]xcept as otherwise provided by law"). Because Subsection 1391(a) expressly states that it governs the applicability of "this section," *i.e.* all subsections of Section 1391, Subsection 1391(c) applies for all venue purposes *only* within the scope of Section 1391: to diversity jurisdiction actions, general jurisdiction actions, local actions, and transitory actions *not governed by a special venue statute*. Section 1400(b) is one of these special venue statutes to which Section 1391 does not apply.

This is a significant change from prior law. Before the 2011 amendments, Section 1391(a) governed venue for diversity cases, Section 1391(b) governed venue for federal question cases, and Section 1391(e) governed venue for actions against U.S. officers and employees. 28 U.S.C. § 1391 (2002 ed.). Each subsection had its own subordinating declaration of "except as otherwise provided by law." *Id.* But the provisions regarding corporate residency and suits against aliens, Sections 1391(c) and (d), did not. *Id.* Thus, before the amendment, Congress had expressly subordinated only some of the provisions of Section 1391 to the special venue provisions. Now, under the 2011 amendment, Congress has subordinated the entire Section 1391 to the special venue provisions.

Without addressing Section 1391(c) specifically, the Supreme Court recently confirmed that Section 1391 does not govern patent actions, as these actions are subject to a more specific

venue provision.  *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for the W. Dist. of Tex.*, 134 S.

Ct. 568, 577 (2013).  The Court quoted the disclaimer in Section 1391(a) and stated that "Section

1391 governs 'venue generally,' that is, in cases where a more specific venue provision does not

apply.  *Cf.*, *e.g.*, 28 U.S.C. § 1400 (identifying proper venue for copyright and patent suits)."  *Atl.*

*Marine Constr.*, 134 S. Ct. at 577 n. 2.

Trial courts likewise have held that the new statutory language "[e]xcept as otherwise

provided by law" restricts the *general* venue statute to actions not governed by a special venue

statute.  *See Henson v. Fid. Nat'l. Fin., Inc.*, No. 1:13-CV-01452-AWI-JLT, 2014 WL 641978, at

*3 (E.D. Cal. Feb. 18, 2014) (applying venue provision from Real Estate Settlement Procedures

Act, 12 U.S.C. § 2614, instead of Section 1391); *Cooper v. Dep't of the Army*, No. 4:13CV3086,

2013 WL 6631618, at *5 (D. Neb. Dec. 17, 2013) (applying venue provision from Title VII, 42

U.S.C. § 2000e-5(f)(3), instead of Section 1391); *Cheng v. Schlumberger*, No. C 13-02641 JSW,

2013 WL 5814272, at *2 (N.D. Cal. Oct. 29, 2013) (applying venue provision from Title VII, 42

U.S.C. § 2000e-5(f)(3), instead of Section 1391); *Alessandra v. Colvin*, No. 12CV397A, 2013

WL 4046295, at *2 (W.D.N.Y. Aug. 8, 2013) (applying venue provisions from Social Security

Act, instead of Section 1391); *JD Fields & Co., Inc. v. Nucor-Yamato Steel Co.*, No. H-12-1918,

2012 WL 6042219, at *2 (S.D. Tex. 2012) ("Whether a venue is proper is determined under 28

U.S.C. § 1391 when no special, restrictive venue statute applies.").

This interpretation is consistent with the canon of statutory interpretation that a specific

statute applies over a general statute.  *Fourco*, 285 U.S. at 208.  The Supreme Court relied on

this canon in *Fourco* when it held that Section 1391(c) did not modify Section 1400:

> [Section] 1391(c) is a general corporation venue statute, whereas §
> 1400(b) is a special venue statute applicable, specifically, to all de-
> fendants in a particular type of actions [*sic*], i.e., patent infringe-
> ment actions. In these circumstances the law is settled that "How-
> ever inclusive may be the general language of a statute, it 'will not
> be held to apply to a matter specifically dealt with in another part
> of the same enactment.  . . .  Specific terms prevail over the general

> in the same or another statute which otherwise might be control-
> ling.'"

*Fourco*, 353 U.S. at 228-29 (emphasis and alteration in original, citation omitted).

Logic also dictates that Section 1400(b) governs venue decisions in patent cases.  Stand-
ing alone, Section 1400(b) conflicts with Section 1391(c).  Under Section 1400(b), as consistent-
ly interpreted over the years, a corporation may not be sued for patent infringement outside its
state of incorporation except where it has a regular and established place of business and has
committed acts of infringement.  Subsection 1391(c), if applied to patent suits, would remove
those protections.  Section 1400(b) therefore must qualify as "otherwise provided by law" under
Section 1391.

Nor can the two statutes be reconciled by viewing Section 1391(c) as defining "residen-
cy" for purposes of corporations or other entities under Section 1400(b) because the definition in
Section 1391(c) renders the second part of Section 1400(b) superfluous.  *See* 28 U.S.C. §
1400(b) ("[an] action for patent infringement may be brought in the judicial district where the
defendant *resides* . . . .") (emphasis added); 28 U.S.C. 1391(c)(2) ("[The] entity with the capacity
to sue and be sued in its common name . . . [is] deemed to reside, if a defendant, in any judicial
district in which such defendant is subject to the court's personal jurisdiction with respect to the
civil action in question").  The *second* prong of Section 1400(b) provides that a patent defendant
may be subject to suit where it has "committed acts of infringement and has a regular and estab-
lished place of business."  28 U.S.C. § 1400(b).  Personal jurisdiction over a corporation or entity
accused of patent infringement, required for venue under Section 1391(c), may be established by
showing either that the alleged infringement occurred within a forum or that the defendant has
continuous and systematic contacts with the forum (*e.g.*, through a place of business located in
the forum).  *See Daimler AG v. Bauman*, 134 S.Ct. 746, 761 (2014) (describing general personal
jurisdiction through location of a company's headquarters); *Burger King v. Rudzewicz*, 471 U.S.

462, 472 (1985) (minimum contacts established through alleged injuries that "arise out of or re-late to" activities purposefully directed toward the forum).  Section 1400(b) thus provides that venue may be proper based on a defendant's residency in the forum *or* a narrowly circumscribed manner of establishing personal jurisdiction—through location of the alleged infringement and a company's place of business.  If applied in patent cases, Section 1391(c)—which permits venue in any forum where a defendant is subject to personal jurisdiction—renders the second half of Section 1400(b) redundant, with respect to corporate or entity defendants.  This violates a canon of statutory interpretation, and is evidence that Congress did not intend the two statutes to be co-extensive.  *Astoria Fed. Savings & Loan Ass'n v. Solimino*, 501 U.S. 104, 112 (1991) ("[W]e construe statutes, where possible, so as to avoid rendering superfluous any parts thereof.").

The general venue provision of amended Section 1391(c) thus cannot apply to venue de-cisions in patent infringement cases.[1]

### 3. The Interpretation of Section 1400(b) as the Exclusive Patent Venue Statute for U.S. Corporations Conforms with a Long Line of Supreme Court Decisions.

Interpreting Section 1400(b) as the exclusive patent venue statute comports with decades of Congressional action and Supreme Court jurisprudence narrowing the scope of venue for pa-tent infringement actions.  *See, e.g.*, *Fourco*, 353 U.S. at 229; *Stonite Prods. v. Melvin Lloyd Co.*, 315 U.S. 561, 563 (1942).

Congress passed the first patent venue statute in 1897, "specifically to narrow venue" in patent infringement suits.  *Pure Oil Co. v. Suarez*, 384 U.S. 202, 207 (1966).  It limited venue in those actions to districts "of which the defendant is an inhabitant" or districts in which the de-

---

[1] Because Section 1391 is not ambiguous and the Supreme Court's guidance is clear, there is no need to consult legislative history.  *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 567-568 (2005) (legislative history should be disregarded when statute "is not ambiguous" because the "authoritative statement is the statutory text, not the legislative history or any other extrinsic material").

fendant "shall have committed acts of infringement and have a regular and established place of business." *Stonite Prods.*, 315 U.S. at 562 n. 1.  Prior to that, patent defendants were subject to the broader, general venue provisions, under which a corporate defendant could be sued in virtually any judicial district where it had a presence of some kind.[2]

Decades later, in *Stonite Prods. v. Melvin Lloyd Co.*, the Supreme Court made clear that special venue provisions for patent actions are not coextensive with more general venue statutes. 315 U.S. at 563.  There, the Court reversed the lower court's decision that the general venue statute's authorization of suits against "two or more defendants, residing in different districts of the State, . . . in either district" broadened venue for purposes of patent actions.  *Id.* at 561-67 (reversing opinion of Third Circuit in *Melvin Lloyd Co. v. Stonite Prods.*, 119 F.2d 883, 885 (3d Cir. 1941)).  The Supreme Court held "that § 48 [the predecessor to Section 1400(b)] is the exclusive provision controlling venue in patent infringement proceedings" and that Congress did not intend the 1897 patent venue statute "to dovetail with the general provisions relating to the venue of civil suits, but rather that it alone should control venue in patent infringement proceedings." *Stonite Prods.*, 315 U.S. at 563-566.

The Supreme Court has consistently reaffirmed this position and rebuffed attempts by courts to broaden patent venue by reference to the broader general venue provisions.  By 1956, the Second Circuit, the Fifth Circuit, and "several district courts" had held that the general venue statute's definition of corporate residence in Section 1391(c) applied to patent infringement litigation, thus permitting suit against a U.S. corporation "in any district where it is merely 'doing

---

[2] Before 1887, venue existed wherever a defendant was an inhabitant and wherever that defendant could be found.  *Stonite Prods. Co. v. Melvin Lloyd Co., et al.*, 315 U.S. at  563.  In 1887, Congress passed a general venue statute that limited venue in actions other than diversity actions to only those districts where the defendant was an inhabitant.  *Id.* at 563-64.  Shortly after that, in *In re Hohorst*, 150 U.S. 653, 664-65 (1893), the Supreme Court held that the general venue statute did not restrict venue in patent actions against foreign corporations, and "lower federal courts for the most part took the position that the Act of 1887 as amended did not apply to suits for patent infringement, and that infringers could be sued wherever they could be found." *Stonite Prods.*, 315 U.S. at 564-65.

business.'" *Fourco*, 353 U.S. at 224 n. 3.  The Supreme Court rejected this position in *Fourco*, admonishing "that 28 U.S.C. § 1400(b) is the *sole and exclusive provision controlling venue in patent infringement actions*, and that it is not to be supplemented by the provisions of 28 U.S.C. § 1391(c)."  *Id.* at 229 (emphasis added).  The Court stated that unless Congress made "a substantive change in" the patent venue statute, "that statute would still constitute 'the exclusive provision controlling venue in patent infringement proceedings.'"  *Id.* at 225 (citing Section 48 of the 1911 Judicial Code, 28 U.S.C. § 109 (1940 ed.)).

Again, in 1961, the Supreme Court reiterated the position articulated in *Fourco*, affirming a Seventh Circuit opinion prohibiting a patent plaintiff from adding as a defendant a corporation that did not have a regular and established place of business in the venue, even when the corporation was "openly assuming and controlling" the defense of the named defendant.  *Schnell v. Peter Eckrich & Sons, Inc.*, 365 U.S. 260, 260-61 (1961).  In doing so, the Court noted that "the language of [Section 1400(b)] is clear and specific," and therefore refused to expand Congress's mandate under the general venue statute.  *Id.* at 262.

The Supreme Court upheld Section 1400(b)'s exclusivity *yet again* in 1972, stating that "it is fair to say, as the Court did in *Stonite* and *Fourco*, that in 1897 Congress placed patent infringement cases in a class by themselves, outside the scope of general venue legislation."[3]  *Brunette Mach. Works, Ltd. v. Kockum Indus., Inc.*, 406 U.S. 706, 713, 714 (1972).  And, in doing so, the Court specifically noted that Section 1400(b) was meant to provide *greater* protection to corporate defendants than Section 1391(c).  *Id.* at 713 n. 13.

The Supreme Court has thus made clear for over a hundred years that Congress intended for the special venue statute for patent actions—and not the general venue provision—to govern

---

[3] Although the Court also applied Section 1391(d), which allows aliens to be sued in any district, to a patent infringement action, it did so only because it "is properly regarded, not as a venue restriction at all, but rather as a declaration of the long-established rule that suits against aliens are wholly outside the operation of all the federal venue laws, general and special." *Id.* at 714.

patent infringement actions.  This view of Congressional intent was reinforced by the recent amendments to Section 1391.

The plain language of the statutes following the 2011 amendments, principles of statutory interpretation, and Supreme Court jurisprudence in this area make clear that Section 1400(b), not Section 1391(c), applies to this and other patent infringement matters.

### B.  Smartflash Fails to Allege Facts Supporting Venue Under Section 1400(b) as Properly Interpreted.

"Once a defendant raises the issue of proper venue by motion, the burden of sustaining venue lies with the plaintiff."  *Funimation Entm't. v. Does 1-1,427*, No. 2:11-CV-00269, 2013 WL 5200453, at *2 (E.D. Tex. Sept. 16, 2013).  Under Section 1400(b), venue is proper only (1) where the defendant resides; or (2) where the defendant has committed acts of infringement and has a regular and established place of business.  28 U.S.C. § 1400(b).  Smartflash cannot meet its burden.

As interpreted by the Supreme Court in *Fourco*, "resides" for purposes of Section 1400(b) "mean[s] the state of incorporation only."  *Fourco*, 335 U.S. at 226.  Smartflash's complaint alleges that the named Amazon entities are incorporated in Delaware and that Audible is incorporated in Massachusetts.  (Dkt. No. 1 ("Compl.") ¶¶ 3-7.)  Smartflash does not and cannot allege that any defendant is incorporated in the State of Texas.  (Compl. ¶¶ 3-10.)  Therefore, venue is not proper under the first prong of Section 1400(b).[4]

Nor can Smartflash establish venue under the second prong of Section 1400(b), which provides that a patent action may be brought in a district "where the defendant has committed acts of infringement and has a regular and established place of business."  28 U.S.C. § 1400(b).

---

[4] Smartflash alleges that "[v]enue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b) because, among other things, Defendants are subject to personal jurisdiction in this district, Defendants have regularly conducted business in this judicial district, and certain of the acts complained of herein occurred in this judicial district."  (Compl. ¶ 10.)  As discussed above, Section 1391(c) does not govern venue in patent cases.

This statutory restriction must be applied with due regard to the Supreme Court's caution that "the language of this special statute is clear and specific" and, being a special venue provision, not "to be given a 'liberal' construction." *Schnell*, 365 U.S. at 262-64; *cf. U.S. v. Md. Cas. Co.*, 573 F.2d 245, 248 (5th Cir. 1978) ("The venue provision of the Miller Act is a restrictive one, enacted for the benefit of defendants, not plaintiffs.  Therefore the statute must be strictly construed, even more so than in the case of a general statute.") (citation omitted).

Merely "doing business" in a forum is not sufficient to constitute a "regular and established place of business" in that forum.  *See, e.g.*, *Fourco*, 353 U.S. at 225-226 (corporations are not suable, in patent infringement cases, where they are merely "doing business").  Rather, "the appropriate inquiry is whether the corporate defendant does its business in that district through a permanent and continuous presence."  *In re Cordis Corp.*, 769 F.2d 733, 737 (Fed. Cir. 1985).  A "regular and established place of business" in Section 1400(b) requires that a "defendant must be regularly engaged in carrying on a substantial part of its ordinary business on a permanent basis in *a physical location* within the district over which it exercises some measure of control"— "[m]ere solicitation of orders in a district is not sufficient by itself . . . ."  *Roblor Mktg. Grp., Inc. v. GPS Indus., Inc.*, 645 F. Supp. 2d 1130, 1145 (S.D. Fla. 2009) (emphasis added).  This Court acknowledged as much in *Loyalty Conversion Sys. Corp. v. Am. Airlines, Inc.*, where it held that JetBlue Airways, which had no office, other physical presence, or employees in this district, "[did] not have 'a regular and established place of business' in the Eastern District of Texas" under Section 1400(b).  No. 2:13-CV-655, 2014 WL 4354130, at *1 (E.D. Tex. Sept. 2, 2014).  The Court rejected venue in this district even though Jet Blue "[made] sales to persons residing in the district and offer[ed] loyalty award credits to those customers."[5]  *Id.* at *5.

---

[5] Other trial courts have embraced a similar view.  *See HomeBingo Network, Inc. v. Chayevsky*, 428 F. Supp. 2d 1232, 1249 n. 17 (S.D. Ala. 2006); *MTEC, LLC v. Nash*, No. CV 08-563-AC, 2008 WL 4723483, at *7 (D. Or. Oct. 20, 2008); *Hsin Ten Enter. USA, Inc.*, 138 F. Supp. 2d 449, 461 (S.D.N.Y. 2000).

Here, Smartflash does not allege facts showing that Defendants have regular and established places of business in this district.  The complaint does not include any allegation that Defendants have stores, offices or warehouses in this district, or employees permanently stationed in this district where they conduct substantial and continuous business on Defendants' behalf. Without these allegations, this district is not the proper venue under the second prong of Section 1400(b).  And although Amazon and Audible each sell their products and services to customers across the country, nationwide commerce does not establish the permanent and continuous presence in a district required under Section 1400(b).  *Cf. Roblor Mktg.*, 645 F. Supp. 2d at 1145-46; *Loyalty Conversion Sys.*, 2014 WL 4354130, at \*5.

Because Defendants do not reside in this district and do not have a "regular and established place of business" here, the Court should dismiss the complaint.

## II.   EVEN IF THE COURT DECIDES VENUE IS PROPER, THE COURT MUST DISMISS THE INDIRECT INFRINGEMENT CLAIMS BECAUSE SMARTFLASH FAILS TO ALLEGE ANY FACTS RELATING TO KNOWLEDGE OF THE ASSERTED PATENTS.

Smartflash does nothing more than paraphrase the elements of indirect infringement claims without any supporting facts.  Such claims cannot survive a motion to dismiss.  *See In re Bill of Lading*, 681 F.3d at 1336-37.

Under Fed. R. Civ. P. 8(a)(2), every pleading for a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A plaintiff asserting a claim for indirect infringement must meet a higher pleading threshold: (1) the facts must not be "bare assertions," merely "formulaic recitation[s] of elements," or "conclusory," *Ashcroft v. Iqbal*, 556 U.S. 662, 679-81 (2009), and (2) the facts must "plausibly suggest an entitlement to relief," *id.* at 681.  *In re Bill of Lading*, 681 F.3d at 1336-37 (citing *Bell Atl. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).  A plaintiff must go beyond pleading facts that, when assumed to be true, are "'merely consistent

with' a defendant's liability"; instead, the pleaded facts must be sufficient to permit a "reasona-ble inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556) (quotations omitted).  A complaint will not suffice if it "tenders 'na-ked assertions' devoid of 'further factual enhancement.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557).  Absent that showing, a court must dismiss the claim.  Fed. R. Civ. P. 12(b)(6).

For induced or contributory infringement claims to survive a motion to dismiss, the com-plaint must contain facts plausibly showing that the accused infringer had knowledge of the as-serted patent at the time of the allegedly infringing acts.[6]  *In re Bill of Lading*, 681 F.3d at 1339 (to properly plead claims for indirect infringement, must allege facts sufficient to render claims plausible); *Global-Tech Appliances, Inc. v. SEB SA*, 131 S. Ct. 2060, 2068 (2011) (to establish liability for induced or contributory infringement, patentee must establish that accused infringer had knowledge of the patent); *EON Corp. IP Holdings LLC v. FLO TV Inc.*, 802 F. Supp2d 527, 532-33 (D. Del. 2011) (indirect infringer must have knowledge of the patent "at the time they were committing the allegedly infringing activities"); *Aguirre v. Powerchute Sports, LLC*, No. SA-10-CV-0702 XR, 2011 WL 2471299, at *3 (W.D. Tex. June 17, 2011) ("knowledge of [the] patent after the lawsuit was filed . . . is insufficient to plead the requisite knowledge for indirect infringement").  A narrow exception to this general rule is that a patentee may prove constructive knowledge of the asserted patent through willful blindness by showing that (1) the defendant subjectively believed that there was a high probability that the infringing technology was patent-ed and (2) the defendant acted deliberately to avoid learning of that fact.  *Global Tech*, 131 S. Ct. at 2070.

---

[6] This Court has, in the past, held that claims for indirect infringement can survive motions to dismiss based on alleged knowledge of the patents at the time of the filing of the complaint.  *See, e.g.*, *Achates Reference Pub., Inc. v. Symantec Corp.*, No. 2:11-CV_294-JRG-RSP, 2013 WL 693955, at *3 (E.D. Tex. Jan. 10, 2013).  But, Smartflash does not plead facts regarding post-filing knowledge, and, moreover, as of the date the complaint was filed, had no basis to allege the requisite knowledge for its indirect infringement claims.

In the complaint, with respect to indirect infringement, Smartflash alleges that Amazon and Audible were "aware of the patents-in-suit and knew that the others' actions, if taken, would constitute infringement of that patent," or "[a]lternatively, . . . believed there was a high probability that others would infringe the patents-in-suit but remained willfully blind to the infringing nature of others' actions."  (Compl. ¶ 86).  Smartflash further alleges that Amazon and Audible either knew the "components [they sold] to be especially made or especially adapted for use in an infringement of the patents-in-suit" or, "[a]lternatively, . . . believed there was a high probability that others would infringe the patents-in-suit but remained willfully blind to the infringing nature of others' actions."  (*Id.*)  These allegations are insufficient, as they amount to a mere recitation of the elements of the indirect infringement claims without *any* supporting facts—let alone facts that plausibly suggest actual knowledge or willful blindness.  (*See id*. ¶¶ 86-88); *Bill of Lading*, 681 F.3d at 1336-37.

Smartflash does not allege, for example, any facts relating to how Defendants purportedly became aware of the asserted patents, or facts regarding any purported efforts to remain willfully blind to the existence of the asserted patents.  Rather, Smartflash recites *conclusions*, without any underlying facts—namely, that Defendants were either aware of or willfully blind to the existence of the asserted patents.  (Compl. ¶¶ 86-88.)  Indeed, Smartflash's reliance on an alternative theory of willful blindness (for which it also provides no supporting facts) reveals that it has no facts regarding actual knowledge.  Without such facts, Smartflash's indirect infringement claims must be dismissed.  *See Iqbal*, 556 U.S. at 678; *Bascom Research LLC v. Facebook, Inc.*, Nos. C12-6293 SI, C12-6294 SI, C12-6295 SI, C12-6296 SI, C12-6297 SI,  2013 WL 968210, at *4 (N.D. Cal. Mar. 12, 2013) ("Although the complaints allege that defendants 'knowingly induced' infringement, there are no facts alleging whether, when or how defendants became aware of the patents-in-suit."); *Rembrandt Soc. Media, LP v. Facebook, Inc.*, 950 F. Supp2d 876, 883 (E.D.

Va. June 12, 2013) (Where the allegations do not "give[] rise to anything more than a conceiva-ble possibility of knowledge of the . . . patent, rather than a plausible inference that [Defendant] possessed such knowledge . . . the claims for indirect infringement based upon pre-suit knowledge must be dismissed."); *Affinity Labs of Tex., LLC v. Toyota Motor N. Am., Inc.*, No. W:13-cv-365, 2014 U.S. Dist. LEXIS 90379, at \*17-18 (W.D. Tex. May 12, 2014) (dismissing indirect infringement claims for failure to state facts supporting its allegations of actual knowledge and willful blindness).

In a related action against Apple in this Court, however, Smartflash properly alleged con-crete facts showing Apple's purported knowledge of the asserted patents to support indirect in-fringement claims in its complaint.  (*See* Case No. 6:13-cv-447, Dkt. No. 1.)  There, Smartflash alleged facts—including identifying specific names, dates, and places—describing the circum-stances under which Apple had acquired purported knowledge of the asserted patents.  (*Id.* ¶¶ 18-19.)  Smartflash's failure to do so here strongly suggests that no such facts exist.

Because Smartflash alleges no facts to support the knowledge requirement of its indirect infringement claims, the Court should dismiss the claims.  *In re Bill of Lading*, 681 F.3d at 1336-37.

## CONCLUSION

Defendants respectfully request that this Court hold that Section 1400(b) is the exclusive venue provision for patent actions and is not enlarged by Section 1391, and, accordingly, dismiss this action for improper venue.  If the Court finds Smartflash's claims proper under Rule 12(b)(3), however, Defendants request that the Court dismiss Smartflash's indirect infringement claims pursuant to Rule 12(b)(6) for failure to state *any* facts supporting either actual or con-structive knowledge of the asserted patents by Amazon or Audible.

Respectfully, submitted,

/s/ Saina S. Shamilov

J. David Hadden
CA Bar No. 176148 (Admitted E.D. Tex)
dhadden@fenwick.com
Saina S. Shamilov
CA Bar No. 215636 (Admitted E.D. Tex)
sshamilov@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, California 94041
Telephone: (650) 988-8500
Facsimile: (650) 938-5200

*Of Counsel:*

Michael E. Jones
Texas Bar No. 24043679
mikejones@potterminton.com
Allen F. Gardner
State Bar No. 24043679
allengardner@potterminton.com
POTTER MINTON P.C.
110 N. College Avenue, Suite 500
Tyler, Texas 75503
Telephone (903) 597-8311
Facsimile: (903) 593-0846

Counsel for Defendants
AMAZON.COM, INC.
AMAZON.COM, LLC
AMZN MOBILE, LLC
AMAZON WEB SERVICES, INC.
AUDIBLE, INC.

March 4, 2015

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on March 4, 2015.


*/s/ Saina S. Shamilov*
Saina S. Shamilov