IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

|  |  |  |
|---|---|---|
| SMARTFLASH LLC, and<br>SMARTFLASH TECHNOLOGIES LIMITED, | ) ) ) | |
| Plaintiffs, | ) ) | The Honorable Rodney Gilstrap |
| -vs-. | ) ) | Civil Action No. 6:14-cv-992 |
| AMAZON.COM, INC.,<br>AMAZON.COM, LLC,<br>AMZN MOBILE, LLC,<br>AMAZON WEB SERVICES, INC., and<br>AUDIBLE, INC., | ) ) ) ) ) | PATENT CASE<br><br>JURY TRIAL DEMANDED |
| Defendants. | ) ) ) | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO
DISMISS FOR IMPROPER VENUE UNDER RULE 12(B)(3) AND FAILURE
TO STATE A CLAIM OF INDIRECT INFRINGEMENT UNDER RULE 12(B)(6)**

## INTRODUCTION

With utmost respect to the Court, counsel of record apologizes for the inadvertent mis-characterization of a decision in *Loyalty Conversion Systems Corp. v. American Airlines, Inc.*, No. 2:13-CV-655, 2014 WL 4354130 (E.D. Tex. Sept. 2, 2014).  The Motion mistakenly stated that this Court in *Loyalty Conversion* "rejected venue in this district even though Jet Blue '[made] sales to persons residing in the district and offer[ed] loyalty award credits to those customers.'"  (Mot. at 11, quoting *Loyalty Conversion*, 2014 WL 4354130, at *5.)  In fact, the Court denied the motion to dismiss for improper venue.  But the case was not cited for its ultimate holding; rather, it was cited for its finding that a patent defendant does not have a "regular and established place of business" merely by selling to customers within a district.  *Loyalty Conversion*, 2014 WL 4354130, at *5.  Counsel respectfully requests that the Court consider the merits of the Motion, which support dismissal of this case.[1]

In its Opposition, Smartflash does not contend that Amazon is incorporated in or has an "established place of business" in this district—it thus concedes (as it must) that if 28 U.S.C. § 1400(b) exclusively governs venue in patent litigation actions, its complaint must be dismissed for improper venue.  Accordingly, the parties' only dispute with respect to venue is whether Section 1400(b) exclusively governs venue in patent litigation actions.  Under the plain language of the statutes, Section 1400(b) and not Section 1391 governs venue here.

Under the Supreme Court's holding in *Fourco*, which analyzed Section 1400(b) and the legislative history leading to its enactment in 1948, residency for corporate patent defendants is determined solely by state of incorporation.  *Fourco Glass Co. v. Transmirra Prods. Corp.*, 353 U.S. 222, 229 (1957).  As neither Section 1400(b) nor any of the legislative history relied on in

---

[1] By signing its Motion, Amazon certified pursuant to Fed. R. Civ. P. 11 that, contrary to Smartflash's assertion, the Motion was not intended to "cause unnecessary delay, or needlessly increase the cost of litigation."  Should the Court deem it appropriate, Amazon does not object to answering Smartflash's complaint or to the setting of a scheduling conference shortly after the Court's Order on this Motion.

*Fourco* has changed, that opinion still controls.  Moreover, Section 1391(a) as amended makes clear that the statute must be subordinate to other venue statutes covering the same subject matter:  Section 1391 applies "*[e]xcept as otherwise provided by law*."  28 U.S.C. § 1391(a) (governing "Applicability of Section") (emphasis added).  Thus, its subsections, including Section 1391(c), do not apply to patent litigation matters.  As it is undisputed that Amazon is neither incorporated in nor maintains a regular and established place of business in this district, Smartflash's complaint must be dismissed for improper venue under Rule 12(b)(3).

Even if venue were proper here, Smartflash's indirect infringement claims are not. Smartflash does not dispute that its complaint lacks facts sufficient to establish that Amazon had *pre-suit* knowledge of the patents-in-suit.  Instead, it contends that it only needs to establish knowledge of the patents-in-suit as of the filing of the complaint.  However, Smartflash's Complaint as pled does not limit the scope of its indirect infringement claims to post-filing conduct. Smartflash's failure to allege any facts supporting its knowledge allegation and the timing of any alleged notice leaves the scope of its indirect infringement claims ambiguous, and thus inadequate under *Twombly* and *Iqbal*.  *Affinity Labs of Tex., LLC v. Toyota Motor N. Am., Inc.*, No. W:13-cv-365, 2014 WL 2892285, at *4 (W.D. Tex. May 12, 2014).

Smartflash's proposed amended complaint fares no better.  Smartflash alleges in the proposed amended complaint that Amazon had notice of the patents-in-suit through a subpoena served by Smartflash in another case.  But that subpoena, which merely lists some (but not all) of the patents-in-suit without any further discussion or suggestion that Amazon might infringe the patents, does not plausibly suggest that Amazon had notice of the patents-in-suit *and* knowledge that the acts it allegedly induced were infringing.  *See Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011).  Smartflash alternatively alleges in its proposed amended complaint that Amazon was aware of the patents-in-suit through Smartflash's litigations against other

defendants unrelated to Amazon.  But allegations of infringement against other parties are insufficient to establish pre-suit notice of the patents-in-suit.  *Monec Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 233 (D. Del. 2012).   Smartflash's proposed amendment is futile.  Accordingly, the Court should dismiss Smartflash's indirect infringement claims as pled and direct Smartflash to limit the scope of its indirect infringement claims to the date Smartflash filed its complaint against Amazon.[2]

## ARGUMENT

I.   **THE PLAIN LANGUAGE OF SECTIONS 1400(B) AND SECTION 1391 AND LONGSTANDING SUPREME COURT JURISPRUDENCE COMPEL DISMISSAL FOR IMPROPER VENUE.**

Section 1400(b) provides that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."  28 U.S.C. § 1400(b).  Smartflash does not contend in its complaint or in briefing that Amazon "has a regular and established place of business" in this district, so venue may only be proper if Amazon "resides" in this district.  *Id.*  Smartflash contends that Amazon resides in this district because Section 1391(c), which defines corporate residency under the general venue statute, is coextensive with the patent venue statute, Section 1400(b).  (Opp. at 4.)  This is contrary to the plain language of the respective statutes and Supreme Court jurisprudence.

A.   **For Purposes of Patent Venue Corporations Reside in the State of Incorporation.**

Smartflash contends that Section 1400(b) must be read together with Section 1391(c) be-

---

[2] It is unclear whether pleading notice through the filing of a complaint is sufficient to support indirect infringement claims.  *Mallinckrodt Inc. v. E-Z-Em Inc.*, 670 F. Supp. 2d 349, 354 n.1 (D. Del. 2009); *Zond, Inc. v. SK Hynix Inc.*, Nos. CIV.A. 13-11570-RGS, 13-11591-RGS, 2014 WL 346008, at *3 (D. Mass. Jan. 31, 2014); *Aguirre v. Powerchute Sports, LLC*, No. SA-10-CV-0702 XR, 2011 WL 2471299, at *3 (W.D. Tex. June 17, 2011).  However, the cases that find notice through the filing of a complaint to be sufficient do not apply here because Smartflash does not limit its indirect infringement claims to post-filing conduct.

cause "§ 1400 does not provide any parameters for what it means for a corporation to 'reside' in a federal judicial district for purposes of venue in patent cases." (Opp. at 4.) Though the statute itself may not define residence, longstanding Supreme Court precedent does.

In *Fourco*, the Supreme Court "review[ed] the history of, and the reasons and purposes for, the adoption by Congress of the venue statute applying specifically to patent infringement suits," as well as the reviser's notes associated with the 1948 amendment to Section 1400(b). 353 U.S. at 225-226. After this extensive review, the Court interpreted the term "resides" as used in Section 1400(b) to mean, with respect to corporate defendants, "the state of incorporation *only*." *Id.* at 226 (emphasis added). The Court expressly rejected the very argument advanced by Smartflash here: that "§ 1391(c) is clear and unambiguous and that its terms include all actions—including patent infringement actions—against corporations, and, therefore, that the statute should be read with, and as supplementing, § 1400(b) in patent infringement actions." *Id.* at 228. The Court found that Section 1400(b) was "equally clear" and, unlike Section 1391, "deal[t] specially and specifically with venue in patent infringement actions." *Id*; *see also Barnhart v. Sigmon Coal Co., Inc.*, 534 U.S. 438, 461 (2002) ("role [of the Court] is to interpret the language of the statute enacted by Congress").

The Supreme Court's interpretation of Section 1400(b) is binding. Section 1400(b) has not changed since 1948, and of course neither has the legislative history that the Court explicitly relied on. Nor could the Federal Circuit's opinion in *VE Holding* override the Supreme Court's interpretation of Section 1400(b). *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1578 (Fed. Cir. 1990). In *VE Holding*, the Federal Circuit held that Section 1391(c) supplemented Section 1400(b)—but in doing so the court relied specifically on Section 1391(c) as it existed at the time, without the express disclaimer of Section 1391(a), which now provides that the statute applies "[e]xcept as otherwise provided by law." *See id.*

4

Smartflash suggests that because "[t]he Supreme Court actually denied certiorari on the exact question of whether the definition of corporate residence in § 1391(c) applied to § 1400(b)," it endorsed the legal analysis of the Federal Circuit in *VE Holding*.  (Opp. at 4.)  The Supreme Court has expressly cautioned against such logic, noting that "[t]he denial of a writ of certiorari imports no expression of opinion upon the merits of the case, as the bar has been told many times."  *United States v. Carver*, 260 U.S. 482, 490 (1923).  The Supreme Court's denial of certiorari in *VE Holdings*—nearly 20 years before the 2011 amendments to Section 1391— implies nothing about the merits of this Motion.[3]

### B.      Section 1391 as Amended Defers to Specific Venue Statutes.

Smartflash next contends that Section 1391(c) must be read in conjunction with Section 1400(b) because, with the 2011 amendments, "the phrase '[f]or purposes of venue under this chapter' was replaced with [the] more expansive phrase '[f]or all venue purposes.'"  (Opp. at 5.)

While this change might imply what Smartflash suggests *if* there were no other changes to Section 1391, indeed there *was* another more fundamental change to Section 1391(a), which governs "Applicability of [the] Section," including Section 1391(c) and all other subsections. That change added the language "[e]xcept as otherwise provided by law."  28 U.S.C. § 1391(a). In light of this change to Section 1391(a), Section 1400(b) alone governs venue in patent actions. *See Stone v. INS*, 514 U.S. 386, 397 (1995) ("When Congress acts to amend a statute, we pre-sume it intends its amendment to have real and substantial effect.").

Smartflash also fails to address the authority cited by Amazon supporting its interpreta-tion of Section 1391 as amended.  That authority includes the Supreme Court's recent opinion in

---

[3] Smartflash alternatively cites to *West v. Terry Bicycles, Inc.*, a non-precedential Federal Circuit opinion reversing a district court that limited corporate residence to the state of incorpo-ration for purposes of patent venue.  230 F.3d 1382, 2000 WL 152805, at *3 (Fed. Cir. 2000). But that order relied on *VE Holdings*—which no longer controls—and in any event issued over a decade before the relevant amendment to Section 1391.

*Atlantic Marine Construction Company*, in which the Court, citing the express disclaimer language of Section 1391(a), stated that "Section 1391 governs 'venue generally,' that is, *in cases where a more specific venue provision does not apply*," and cited Section 1400 as an example of such a "specific venue provision." *Atl. Marine Constr. Co. v. U.S. Dist. Court for the W. Dist. of Tex.*, 134 S. Ct. 568, 577 n.2 (2013) (emphasis added). Nor does Smartflash address the numerous district court cases interpreting "[e]xcept as otherwise provided by law" as restricting general venue statutes to actions not governed by special venue statutes. (Mot. at 5.)

Instead, Smartflash points to the legislative history of the 2011 amendment, which it contends "undermines Amazon's argument." (Opp. at 7.) Since neither party contends that the statutes are ambiguous, that legislative history is irrelevant. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 567-568 (2005). But even if it were relevant, that record is internally inconsistent. Smartflash cites the following statement from the legislative history: "proposed subsection 1391(c) would apply to all venue statutes, including venue provisions that appear elsewhere in the United States Code." H.R. Rep. No. 112-10, at 20 (2011). The very same House report, however, provides that Section 1391(a) "would not displace the special venue rules that govern under particular venue statutes," and that the "over 200 specialized venue statutes in the United States Code . . . would continue to govern within their respective fields . . . [with] the general venue statute . . . govern[ing] diversity and Federal question litigation outside these special areas." *Id.* at 18 & n.8. Given these seemingly inconsistent statements, the legislative history, even if relevant, does not provide clear support for either party's position.[4]

Finally, Smartflash responds to Amazon's redundancy argument by stating that Section

---

[4] Smartflash also cites to Judge Bryson's opinion in *Loyalty Conversion*, which found venue proper in the Eastern District of Texas based on personal jurisdiction under Section 1391(c), as "instructive on how a proper application of the venue statutes results in the denial of a Rule 12(b)(3) motion, such as Amazon's." (Opp. at 3, citing *Loyalty Conversion*, 2014 WL 4354130, at *5-7.) But that opinion did not squarely address the relationship between Section 1400(b) and Section 1391(c) in light of the 2011 amendment, and thus, does not resolve the legal issue presented in Amazon's Motion.

1391(c) applies only to corporate defendants, and thus Section 1400(b) "would still apply independently to natural persons." (Opp. at 6.) This, however, concedes Amazon's point—that reading Section 1391(c) and 1400(b) together "renders the second half of Section 1400(b) redundant, with respect to corporate or entity defendants." (Mot. at 7.)

Section 1391 by its very terms does not apply where venue provisions are "otherwise provided by law." 28 U.S.C. 1391(a). Section 1400(b) thus exclusively governs in patent actions. Because it is undisputed that Amazon is neither incorporated in nor maintains a regular and established place of business in this district, this action must be dismissed.

## II.      SMARTFLASH DOES NOT ADEQUATELY ALLEGE
##          KNOWLEDGE SUPPORTING INDIRECT INFRINGEMENT.

Even if this Court decides that venue is proper, it should dismiss the indirect infringement claims as pled by Smartflash and direct Smartflash to limit the scope of its indirect infringement claims to the date of Smartflash filed its complaint against Amazon.

### A.      Smartflash's Failure to Allege Facts Supporting Pre-Suit
###          Knowledge Defeats Its Indirect Infringement Claims.

Smartflash incorrectly states that "the Federal Circuit and Courts in this District have routinely found that pre-suit knowledge is not a requirement for a claim of indirect infringement." (Opp. at 7.) The Federal Circuit case on which Smartflash relies, *In re Bill of Lading Transmission and Processing System Patent Litigation*, did not hold that patent plaintiffs need not plead pre-suit notice, as that issue was not before the court. *See* 681 F.3d 1323, 1345 (Fed. Cir. 2012) (finding that the complaint adequately alleged intent to induce, but not specifically addressing pre-suit notice).

Absent clear Federal Circuit guidance, some courts have held that the failure to allege facts supporting pre-suit knowledge is fatal to indirect infringement claims, particularly if those claims are not limited to post-filing conduct. *Mallinckrodt*, 670 F. Supp. 2d at 354 n.1 ("The Court is not persuaded by Plaintiffs' contention that the requisite knowledge can be established

by the filing of the Plaintiffs' Complaint."); *Affinity Labs*, 2014 WL 2892285, at *4 (dismissing indirect infringement claims for failure to state facts supporting its allegations of actual knowledge); *Zond*, 2014 WL 346008, at *3 (holding that an initial complaint cannot rely on service of complaint to provide notice of patents for purposes of indirect infringement claims); *Aguirre*, 2011 WL 2471299, at *3 (W.D. Tex. June 17, 2011) ("[K]nowledge of . . . [the] patent after the lawsuit was filed . . . is insufficient to plead the requisite knowledge for indirect infringement.").

However, even if a party could allege the requisite knowledge based on service of a complaint, Smartflash's complaint did not provide any factual basis for its knowledge allegations, let alone allege knowledge through service of the complaint. Pleading knowledge of the patents without providing the specific basis for that knowledge does not provide sufficient notice of the nature of Smartflash's claims, and specifically the temporal limitation of these claims. *See Affinity Labs*, 2014 WL 2892285, at *4 ("The complaint does not express whether the induced infringement claim is limited to patent violations that occurred after the lawsuit was filed, or if the induced infringement claim includes Toyota's conduct or knowledge pre-lawsuit. Here, Toyota and the Court must speculate as to the extent and scope of Plaintiff's induced infringement claim. Such allegations are not sufficient to satisfy the pleading standard established in *Iqbal* and *Twombly*."). Smartflash's claims for indirect infringement, as pled in its original complaint, are inadequate.

### B. Smartflash's Proposed Amended Complaint Fails to Sufficiently Allege Knowledge of the Patents-in-Suit.

Smartflash alternatively asks the Court to accept its proposed amended complaint, which now includes allegations that Amazon had knowledge of the patents-in-suit based on the following: (i) its receipt of a subpoena issued by Smartflash that mentioned six of the seven patents-in-suit and indicated those six patents were being asserted in a separate litigation; (ii) the fact that

Amazon, "as a sophisticated entity and litigant" would have been aware of other Smartflash litigation matters involving unrelated defendants, and thus "would or should have become aware of the patents-in-suit and the infringing activities of others;" and (iii) that Amazon was aware of the patents-in-suit through the filing of the original complaint.  These alternative allegations again leave Amazon to speculate as to the extent and scope of Smartflash's indirect infringement claims.

The proposed amended complaint does not sufficiently allege pre-suit knowledge.  The subpoena—which Smartflash did not attach to its proposed amended complaint—does not include either an explicit or implied allegation of infringement against Amazon.  That subpoena was related to Smartflash's litigation against Samsung and included four document requests and four deposition topics.  (*See* Exhibit A attached hereto.)  It did not indicate that Amazon was accused of infringement or mention the subject matter of the patents referenced in the subpoena.  The *only* mention of any of the patents-in-suit from this case in the subpoena is a request (and the parallel deposition topic) that sought "communications that pertain to Smartflash, the Lawsuit, or the Patents-in-Suit," which was defined as including six of the seven patents asserted in this case.[5]  (*Id.*)  The subpoena, which did not include either an explicit or implied allegation of infringement, at most put Amazon on notice of a third party's alleged infringement of those patents; it does not plausibly suggest that Amazon had notice of those patents *and* knew that its allegedly inducing acts caused infringement of those patents.  *Affinity Labs*, 2014 WL 2892285, at *4 ("While Plaintiff may have offered facts in its response for the Court to conclude that it was *conceivable* that Toyota had knowledge of the Asserted Patents, the complaint lacks facts that make such knowledge *plausible*.") (emphasis in original); *Cascades Computer Innovation, LLC v. HTC Corp.*, Nos. 11 C 4574, 11 C 6235, 2015 U.S. Dist. LEXIS 1011, *24 (N.D. Ill. Jan. 6,

---

[5] The subpoena did not reference U.S. Patent No. 8,754,516 (the "'516 patent").

2015) (letter that merely listed number of patent-in-suit in an appendix failed to provide suffi-cient notice of the patent to support inducement claim); *Global-Tech Appliances*, 131 S. Ct. at 2068 (inducement requires "knowledge that the induced acts constitute patent infringement"). The subpoena certainly did not put Amazon on notice of the '516 patent, which was not men-tioned at all.

Nor was Amazon put on notice of the patents-in-suit from Smartflash's litigations against other unrelated entities. Smartflash does not allege any facts—beyond Amazon's "sophistica-tion"—suggesting that Amazon would have known of the patents through these litigations. "So-phistication" is insufficient to support knowledge. *Eon Corp. IP Holdings LLC v. FLO TV Inc.*, 802 F. Supp. 2d 527, 533 (D. Del. 2011) ("Even more attenuated, plaintiff asserts that defendants knew or should have known of the [] patent by virtue of their participation in the interactive tele-vision market. . . . The court declines to embrace this reasoning, particularly given the rapidly changing nature of technologically-based markets . . . ."); *Monec*, 897 F. Supp. 2d at 233 (reject-ing contention that "Defendants would 'likely' monitor the [litigation] activities of their competi-tors," and would have learned of the patents-in-suit, noting "clearly established [law] that there is no presumption of actual knowledge from such other patent suits that is sufficient to withstand dismissal at the pleading stage").

Smartflash's indirect infringement claims should be limited to post-filing conduct only and any amended complaint must clearly state that. *Affinity Labs*, 2014 WL 2892285, at *4.

## CONCLUSION

Amazon respectfully requests that the Court grant its motion to dismiss for improper venue under Rule 12(b)(3), or, alternatively, dismiss Smartflash's indirect infringement claims as pled under Rule 12(b)(6). If the Court permits Smartflash to amend its complaint, Amazon re-quests that Smartflash's indirect infringement claims be limited to post-filing conduct only.

Respectfully, submitted,

*/s/ Saina S. Shamilov*
J. David Hadden
CA Bar No. 176148 (Admitted E.D. Tex)
dhadden@fenwick.com
Saina S. Shamilov
CA Bar No. 215636 (Admitted E.D. Tex)
sshamilov@fenwick.com
Fenwick & West LLP
Silicon Valley Center
801 California Street
Mountain View, California 94041
Telephone: (650) 988-8500
Facsimile: (650) 938-5200

Counsel for Defendants
AMAZON.COM, INC.
AMAZON.COM, LLC
AMZN MOBILE, LLC
AMAZON WEB SERVICES, INC., and
AUDIBLE, INC.

*Of Counsel*:

Michael E. Jones
Texas Bar No. 1029400
mikejones@potterminton.com
Allen F. Gardner
Texas Bar No. 24043679
allengardner@potterminton.com
POTTER MINTON P.C.
110 N. College Avenue, Suite 500
Tyler, Texas 75503
Telephone (903) 597-8311
Facsimile (903) 593-0846

 Date:  April 2, 2015

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on April 2, 2015.


*/s/ Saina S. Shamilov*
Saina S. Shamilov