IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| SMARTFLASH LLC, and<br>SMARTFLASH TECHNOLOGIES<br>LIMITED,<br><br>    Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC.,<br>AMAZON.COM, LLC,<br>AMZN MOBILE, LLC,<br>AMAZON WEB SERVICES, INC., and<br>AUDIBLE, INC.,<br><br>    Defendants. | Civil Action No. 6:14-cv-992-JRG-KNM<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFFS' SURREPLY
TO DEFENDANTS' MOTION TO DISMISS**

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................................ 1

II. ARGUMENT ..................................................................................................................... 1

    A. Venue Is Proper—Amazon Fails to Prove Otherwise ................................................ 1

    B. The Indirect Infringement Allegations Are Adequate................................................. 7

III. CONCLUSION.................................................................................................................. 8

# TABLE OF AUTHORITIES

**Cases**

*Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*
   134 S. Ct. 568 (2013) .................................................................................................... 6

*Fourco Glass Co. v. Transmirra Prods. Corp.*
   353 U.S. 222 (1957) ............................................................................................. 2, 3, 4

*In re Bill of Lading Transmission and Processing System Patent Litigation*
   681 F.3d 1323 (Fed. Cir. 2012) ................................................................................ 7, 8

*Loyalty Conversion Sys. Corp v. Am. Airlines, Inc.*
   No. 2:13-CV-655, 2014 WL 4354130 (E.D. Tex. Sep. 2, 2014) ........................... 1, 2, 3

*Tierra Intelectual Borinquen, Inc. v. ASUS Computer Int'l, Inc.*
   No. 2:13-CV-44, 2014 WL 1233040 (E.D. Tex. Mar. 24, 2014) .................................. 8

*VE Holding Corporation v. Johnson Gas Appliance Company*
   917 F.2d 1574 (Fed. Cir. 1990) ............................................................................ passim

**Statutes**

28 U.S.C. 1391 .................................................................................................... passim

28 U.S.C. 1400 .................................................................................................... passim

## I. INTRODUCTION

After acknowledging its misrepresentation of this District's *Loyalty Conversions* case, Amazon implores the Court to consider "the merits" of its Motion that supposedly "support dismissal." Amazon's Motion does not have merit, nor does it support dismissal. Smartflash respectfully requests that the Court deny Amazon's Motion.

## II. ARGUMENT

### A. Venue Is Proper—Amazon Fails to Prove Otherwise.

While Amazon attempts to tip-toe around its misinterpretations of case law and statues, Amazon is asking the Court to find that the 2011 amendments of § 1391 supersede the Federal Circuit's opinion in *VE Holding Corporation v. Johnson Gas Appliance Company*, 917 F.2d 1574 (Fed. Cir. 1990), and also to find that § 1391(c)'s express incorporation clause should be read out of the statute. In fact, without the Court making such a drastic ruling, Amazon's venue theories fail. Simple common sense indicates that Amazon is wrong. If Amazon was correct—that starting in 2011 a Court only has jurisdiction over a patent infringement case if a defendant was incorporated in the District or had an office in the District—surely someone would have noticed before 2015. There would be no reason for the voluminous, recent jurisprudence on motions to transfer—the cases would have been dismissed instead. If this sea change in patent infringement venue law occurred in 2011, Amazon would have been able to find *some* opinion to support its theory based on a four year old statutory amendment.

But Amazon has no legal support for its theories. Amazon points to no Supreme Court or Federal Circuit cases addressing the 2011 amendments to § 1391. And Amazon cites to no

authority analyzing the 2011 amendments to § 1391 in the incredibly narrow and mistaken manner proffered by Amazon. If any such precedent existed, Amazon surely would have cited it.

In fact, Amazon did just the opposite—Amazon cited the *Loyalty Conversions* case out of this District where the Court's application of § 1391(c) and § 1400(b) squarely contradicts Amazon's venue theories. *See* Mot. at 11; *Loyalty Conversion Sys. Corp v. Am. Airlines, Inc.*, No. 2:13-CV-655, 2014 WL 4354130, at *1 (E.D. Tex. Sep. 2, 2014). Amazon does not and cannot dispute that the Court in *Loyalty Conversions* applied the 2011 version of § 1391(c) to § 1400(b) in determining that venue was proper. *See Loyalty*, 2014 WL 4354130, at *1. Rather, in a footnote, Amazon attempts to cast aside this District's case law by saying, based on an overly narrow reading of the opinion, that the Court did not rule on the legal issue raised by Amazon's venue theories. *See* Reply at 6, n.4. Amazon misses the point—a Court in this District expressly applied the 2011 version of § 1391(c) to § 1400(b) in determining that venue was proper in a patent infringement case. *See Loyalty*, 2014 WL 4354130, at *1. The *Loyalty Conversions* opinion is precedent in this District. And Amazon does not point to any countervailing precedent where a court refused to apply the 2011 version of § 1391(c) to § 1400(b) or otherwise held that such an application was legally impermissible.

Instead Amazon persists with its "state of incorporation only" theory for corporate residence for venue purposes in patent cases. *See* Reply at 3-5. For this theory, Amazon relies extensively on the Supreme Court's decision in *Fourco Glass Co. v. Transmirra Prods. Corp.*, 353 U.S. 222 (1957), and warns that the decision is binding because, among other things, § 1400(b) and related legislative history has not changed. *See id.* at 4. Glaringly absent from Amazon's list of things that have not changed since 1948 is § 1391(c), which has changed twice, once in 1988 and once in 2011. And to be clear, the Supreme Court in *Fourco* did not interpret

2

§ 1400(b) in a vacuum—the Supreme Court interpreted the relationship between § 1400(b) and the 1948 version of § 1391(c).  *See* 353 U.S. at 228-29.  The 1948 version of § 1391(c) analyzed in *Fourco* did not include any incorporation or applicability clause.  *See* Resp. at 5; *see also VE Holding*, 917 F.2d at 1579 ("Section 1391(c) as it was in *Fourco* is no longer.").  In contrast, the 1988 version of § 1391(c) analyzed in *VE Holding* included an incorporation clause.  *See VE Holding*, 917 F.2d at 1579-80.  Similarly, the current 2011 version of § 1391(c) also includes an incorporation clause, which is actually more expansive in scope than that of the 1988 version.  The incorporation clauses of both the 1988 and 2011 versions of § 1391(c) expressly provide for applicability outside of § 1391.  Since the Federal Circuit's opinion in *VE Holding*, no Supreme Court or Federal Circuit case has overturned *VE Holding*, including cases decided after the 2011 amendments to § 1391.  And Amazon also cites to no authority applying the 2011 version of § 1391(c) as being limited to venue under § 1391.

Also, contrary to Amazon's mischaracterization of Smartflash's Response, Smartflash did not suggest that the denial of certiorari was an "endorsement" by the Supreme Court.  *See* Reply at 5.  Rather, the point, which Amazon fails to address, is that *VE Holding* recognized that *Fourco* was superseded by the 1988 amendments to § 1391, and that opinion was not reversed by the Supreme Court in that case or any subsequent case.  *See* Resp. at 4-5 ("Amazon cites no Supreme Court or Federal Circuit authority that reverses *VE Holding*.  Accordingly, *VE Holding* stands as good law and binding precedent, and it was treated as such as recently as the *Loyalty* case in this District.") (internal citations and footnote omitted).

More importantly, the plain language of § 1391 compels a finding contrary to Amazon's theory.[1] The 2011 amendments included the applicability provision in § 1391(a), and the same set of amendments also provided that § 1391(c) applies "[f]or all venue purposes" and that § 1391(d) applies "[f]or purposes of venue under this chapter [87]." These specific and express incorporation clauses plainly provide that the applicability of § 1391(c) and § 1391(d) reaches beyond just the general venue provisions of § 1391. In other words, § 1391(c) and § 1391(d)'s specific provisions on applicability govern in favor of § 1391(a)'s general provision on applicability.[2]

Additionally, contrary to yet another mischaracterization of Smartflash's Response, Smartflash did not pretend that § 1391(c) was the only section amended in 2011. *See* Reply at 5. Smartflash directly addressed § 1391(a), noting that § 1391(a)'s applicability provision did not limit § 1391(c) just to § 1391 in light of § 1391(c)'s express incorporation clause. *See* Resp. at 5. Smartflash further explained that corporate residency was not "otherwise provided by law" in § 1400. *See* Resp. at 5-6. Thus, even if Amazon's interpretation of § 1391's applicability clause was correct (and it is not), the lack of a corporate residency definition or provision in § 1400 falls squarely into the "otherwise provided by law" exception of § 1391(a). Therefore, even under Amazon's incorrect reading of the statutes, § 1391(a)'s exception would be met, consequently making way for the application of § 1391(c) for patent venue purposes.

---

[1] Bizarrely, Amazon argues that the Supreme Court in *Fourco* rejected the "very argument advanced by Smartflash here." Reply at 4. That is impossible. Smartflash relies on the current language of § 1391(c), including its express incorporation clause, that did not exist in any form in the statute when the Supreme Court decided *Fourco* in 1957.

[2] *See VE Holding*, 917 F.2d at 1579. ("We now have exact and classic language of incorporation: 'For purposes of venue under this chapter....' Congress could readily have added 'except for section 1400(b),' if that exception, which we can presume was well known to the Congress, was intended to be maintained. Certainly it would not be sensible to require Congress to say, 'For purposes of this chapter, *and we mean everything in this chapter ...*,' in order to ensure that it has covered everything in a chapter of the statutes.") (emphasis in original).

4

Furthermore, it does not follow that § 1391(c) is incompatible with § 1400(b) just because venue for corporate entities under § 1400(b) is coextensive with general venue. *See* Reply at 6-7. As Amazon concedes, the statutes would not be redundant because § 1400(b) would still apply separately for individuals. Mot. at 7. Amazon's claim that Smartflash admits that the "second half" of § 1400(b) would be redundant rings hollow. *See* Reply at 7. Statutes are not read or interpreted in the piecemeal fashion Amazon espouses. Moreover, while redundancy is generally to be avoided in statutory interpretation, Amazon cites no authority holding that partial overlap between statutes compels a finding of incompatibility. In fact, the Federal Circuit recognized that "[t]he result of applying § 1391(c) to patent infringement cases is to bring the law of venue in patent cases more in line with venue law generally, as well as with other types of patent litigation." *See VE Holding*, 917 F.2d at 1583-84. As the Federal Circuit also noted, "[t]his is not a result so absurd that Congress could not possibly have intended it." *See id.* at 1584. The same logic applies to the 2011 version of § 1391(c)—the partial overlap between the patent and general venue statutes for corporate entities is not such an absurd result as Amazon pretends it is. And the partial overlap in scope certainly does not dictate a ruling that would read § 1391(c)'s express incorporation clause out of the statute.

Amazon blames Smartflash for not addressing some cited authority that purportedly supported its interpretation. *See* Reply at 5-6. None of Amazon's cited district court authority addressed or was even relevant to the flawed venue theories paraded by Amazon. *See* Mot. at 5. Literally, not a single case cited by Amazon addresses the issue of whether the 2011 amendments to § 1391 superseded *VE Holding*, or even the more general issue of whether the 2011 version of § 1391(c) applies to § 1400(b). At best, the litany of cases cited by Amazon represents an amalgamation of opinions standing for the unremarkable concept that specific statutes typically

govern in favor of general statutes. But this principle alone—which is all that Amazon can muster—does not "support" Amazon's misinterpretations of the pertinent venue statutes.[3]

Similarly, the Supreme Court opinion in *Atlantic Marine* had nothing to do with the 2011 version of § 1391(c) as applied to § 1400(b) and is completely irrelevant to Amazon's venue theories. *See Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568 (2013). The Supreme Court in that case addressed a completely different issue relating to the effect of forum selection clauses on proper venue. *See Atl. Marine*, 134 S. Ct. at 577 ("Whether venue is 'wrong' or 'improper' depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws, and those provisions say nothing about a forum-selection clause."). The passing reference to § 1400 was in a footnote giving an example of a specific venue statute. *See id.* at 577, n.2. An example of a specific venue statute does not make Amazon's case. Nothing about *Atlantic* compels or counsels in favor of a ruling at odds with the plain language of the statutes or that deviates from the reasoning and analysis in *VE Holding*.

Finally, Amazon casually disregards Congress's clear intent in its 2011 Committee Report that the amended version of § 1391(c) apply to all venue statutes regardless of where they are found in the United States Code. *See* Reply at 6. Congress clearly stated that "proposed subsection 1391(c) would apply to all venue statutes, including venue provisions that appear

---

[3] *See, e.g.*, *VE Holding*, 917 F.2d at 1580 ("But the general rule that a specific statute is not controlled or nullified by a general statute regardless of priority of enactment, absent a clear intention otherwise, does not govern the present situation. This is for two reasons. First, in this case the general statute, § 1391(c), expressly reads itself into the specific statute, § 1400(b). Second, § 1391(c) only operates to define a term in § 1400(b)—it neither alone governs patent venue nor establishes a patent venue rule separate and apart from that provided under § 1400(b). Nor does it conflict with § 1400(b). Furthermore, even were the rule applicable to the issue at hand, the language of the statute would reveal 'a clear intention' that § 1391(c) is to supplement § 1400(b).") (internal footnote citations omitted).

6

elsewhere in the United States Code." Amazon cannot escape this clear statement of intent. As a result, Amazon resorts to arguing that Congress's comments regarding § 1391(a) are inconsistent with Congress's statements regarding § 1391(c). *See id.* They are not. Congress's statements would be inconsistent only if the express incorporation clause were read out of § 1391(c). While this reading might be more convenient for Amazon's purposes, that is not how Congress drafted the statute, as Congress itself confirmed. *See* Resp. at 6-7.

### B. The Indirect Infringement Allegations Are Adequate.

The Original Complaint sufficiently pled indirect infringement. Contrary to Amazon's assertions, Smartflash did not misstate the Federal Circuit's opinion in *Bill of Lading*. For two defendants in that case, an amended complaint alleged notice of the patent based on the filing of the original complaint. *See In re Bill of Lading Transmission and Processing System Patent Litigation*, 681 F.3d 1323, 1345-46 (Fed. Cir. 2012). Under these circumstances, the Federal Circuit found that the district court erred in dismissing those pleadings. *See id.* Additionally, Courts in this District have recognized that the filing of the complaint can constitute notice for purposes of indirect infringement. *See* Resp. at 7-8 (citing *InMotion Imagery Techs. v. Brain Damage Films*, No. 2:11–CV–414, 2012 WL 3283371, at *3 (E.D. Tex. Aug. 10, 2012); *Lochner Technologies, LLC v. AT Labs Inc.*, No. 2:11–CV–242, 2012 WL 2595288 at * 3 (E.D. Tex. July 5, 2012); *Achates Reference Pub., Inc. v. Symantec Corp.*, No. 2:11-CV-294, 2013 WL 693955, at *3 (E.D. Tex. Jan. 10, 2013) *adopted*, No. 2:11-CV-294, 2013 WL 693885 (E.D. Tex. Feb. 26, 2013)). Amazon does not substantively address any of these cited cases. Similarly, Amazon does not address the fact that Courts in this District that have held that a pre-suit knowledge requirement for induced infringement liability could lead to absurd results. *See* Resp. at 8 (citing *Tierra Intelectual Borinquen, Inc. v. ASUS Computer Int'l, Inc.*, No. 2:13-CV-44, 2014 WL

1233040, at *2 (E.D. Tex. Mar. 24, 2014)). And Amazon does not address that 28 U.S.C. §287(a) provides that notice is deemed given by filing an infringement action. *See* Resp. at 8. Instead, Amazon relies on opinions from other districts that are not binding on this Court. *See* Reply at 7-8. Amazon should not get the benefit of the ruling of non-binding case law from other districts when such opinions are at odds with this District's case law.

The Amended Complaint is not "futile" as Amazon argues. The Amended Complaint sufficiently pleads both pre-suit and post-suit notice of indirect infringement. *See* Resp., Ex. A at ¶86. Amazon's arguments otherwise are at best unpersuasive. As the non-movant, Smartflash is entitled to the benefit of all reasonable inferences. *See, e.g.*, *Bill of Lading*, 681 F.3d at 1331-32. The Federal Circuit in *Bill of Lading* reversed a district court's dismissal of a complaint for, among other things, discounting pled facts and the inferences that could be drawn from them. *See id.* at 1341-42. The allegations pled in the Amended Complaint set forth facts from which the Court could reasonably infer that Amazon had pre-suit notice of the asserted patents and of Amazon's infringement of those patents. Smartflash is not required to conclusively prove its case at the pleading stage. And if the Court is inclined to accept the Amended Complaint, Smartflash's indirect infringement claims would extend to both pre-suit and post-suit conduct as the Amended Complaint sufficiently pleads both.

### III. CONCLUSION

Smartflash respectfully requests that the Court deny Amazon's motion to dismiss. Amazon's venue theories charge headlong into the plain language of the venue statutes, case law, Congress's clear intent, and common practice. The Court should reject Amazon's strained reading of the venue statutes. Amazon's complaints about the indirect infringement claims should also be rejected as being contrary to established precedent in this District.

Smartflash also respectfully requests that the Court order Amazon to file an answer within 7 days of the Court's ruling and set the case for a status conference as soon after as is convenient for the Court.

Dated: April 13, 2015

Respectfully submitted,

**CALDWELL CASSADY & CURRY**

_/s/ Bradley W. Caldwell_

Bradley W. Caldwell
Texas State Bar No. 24040630
Email:  bcaldwell@caldwellcc.com
Jason D. Cassady
Texas State Bar No. 24045625
Email:  jcassady@caldwellcc.com
John Austin Curry
Texas State Bar No. 24059636
Email:  acurry@caldwellcc.com
Daniel R. Pearson
Texas State Bar No. 24070398
Email:  dpearson@caldwellcc.com
Hamad M. Hamad
Texas State Bar No. 24061268
Email:  hhamad@caldwellcc.com
Justin T. Nemunaitis
Texas State Bar No. 24065815
Email:  jnemunaitis@caldwellcc.com
Christopher S. Stewart
Texas State Bar No. 24079399
Email:  cstewart@caldwellcc.com
John F. Summers
Texas State Bar No. 24079417
Email: jsummers@caldwellcc.com
Jason S. McManis
Texas State Bar No. 24088032
Email: jmcmanis@caldwellcc.om
Warren J. McCarty, III
Illinois State Bar No. 6313452
Email: wmccarty@caldwellcc.com
**CALDWELL CASSADY CURRY P.C.**
2101 Cedar Springs Road, Suite 1000
Dallas, Texas 75201
Telephone: (214) 888-4848
Facsimile: (214) 888-4849

T. John Ward
Texas State Bar No. 20848000
Email: tjw@wsfirm.com
T. John Ward, Jr.
Texas State Bar No. 00794818
Email: jw@wsfirm.com
Claire Abernathy Henry

Texas State Bar No. 24053063
claire@wsfirm.com
**Ward & Smith Law Firm**
P.O. Box 1231
1127 Judson Road, Suite 220
Longview, Texas 75606
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service on this 13th day of April, 2015. Local Rule CV-5(a)(3)(A).

*/s/ Bradley W. Caldwell*
Bradley W. Caldwell